IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **TERRIS MURRY,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | NO.  5:21-cv-260-TES-CHW |
| VS. | : | |
| | : | |
| **Sheriff CULLEN TALTON,** *et al.*, | : | PROCEEDINGS UNDER 42 U.S.C. § 1983 |
| | : | BEFORE THE U.S. MAGISTRATE JUDGE |
| Defendants. | : | |
| _____ | : | |

## ORDER AND RECOMMENDATION

Plaintiff Terris Murry, a pretrial detainee in the Houston County Correctional Institute in Perry, Georgia, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.  ECF No. 1.  He also filed a motion for leave to proceed *in forma pauperis*, which the Court granted on August 31, 2021.  ECF Nos. 3; 8.  Plaintiff has paid the initial partial filing fee as ordered by the Court.  Thus, Plaintiff's complaint is ripe for preliminary review.  On preliminary review, Plaintiff will be allowed to proceed on his excessive force claim against Officer Martavious Nesbitt.  It is **RECOMMENDED**, however, that any claim against Sheriff Cullen Talton be **DISMISSED**.

### MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

The Court previously granted Plaintiff's motion to proceed *in forma pauperis* and ordered him to pay an initial partial filing fee.  ECF No. 8.  Plaintiff has paid the initial partial filing fee.  Plaintiff remains responsible for the remainder of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1).

I.   Directions to Plaintiff's Custodian

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The clerk of court is **DIRECTED** to send a copy of this Order to the Houston County Correctional Institute. It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

II.   Plaintiff's Obligations Upon Release

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA. Thus, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated. The Court hereby authorizes collection from Plaintiff of any balance due on

2

these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

## PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

I.      Standard of Review

The Prison Litigation Reform Act ("PLRA") obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP. Both statutes apply in this case, and the standard of review is the same. When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings, like the one in this case, are "'held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" *Hughes*, 350 F.3d at 1160 (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "'lacks an arguable basis either in law or in fact.'" *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citation omitted). The Court may dismiss

claims that are based on "'indisputably meritless legal'" theories and "'claims whose factual contentions are clearly baseless.'" *Id.* (citation omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "'merely create[] a suspicion [of] a legally cognizable right of action.'" *Twombly*, 550 U.S. at 555 (citation omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II.   <u>Factual Allegations</u>

Plaintiff states that on July 14, 2021, Officer Martavious Nesbitt entered his cell, beat him, and threw him down on the concrete floor. ECF No. 1 at 5. After throwing

Plaintiff to the floor, Officer Nesbitt choked Plaintiff. *Id*. Plaintiff states his head and neck were injured in the assault. *Id*.

  III.   Plaintiff's Claims

      A.   Excessive force under the Fourteenth Amendment

In order to state an excessive force claim under the Fourteenth Amendment, a pretrial detainee must allege that the force purposely or knowingly used against him was objectively unreasonable. *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (11th Cir. 2015). Plaintiff has stated enough facts to allow his excessive force claim against Officer Nesbitt to proceed forward for further factual development.

While Plaintiff names Sheriff Talton as a Defendant in the heading of his complaint, he makes no allegations against him in the body of the complaint. A § 1983 claim is subject to dismissal if the plaintiff fails to allege a causal connection between a defendant and a constitutional violation. *See Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986). Additionally, to any extent that Plaintiff is attempting to hold Sheriff Talton responsible for the actions of his employees, Plaintiff cannot prevail under 42 U.S.C. § 1983 based on a theory of respondeat superior or supervisory liability. *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990). Instead, there must be an affirmative link between the Defendant's actions and the alleged constitutional deprivation. *Id*. Plaintiff must show one of the following: (1) personal participation; (2) "a history of widespread abuse [that] puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so"; (3) "a supervisor's custom or policy [that] results in deliberate indifference to constitutional rights"; or (4) the "facts support an inference that the supervisor directed the

5

subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (citations and internal quotation marks omitted). Plaintiff has made no such showing. Thus, it is **RECOMMENDED** that any claims against Sheriff Cullen Talton be **DISMISSED**.

    IV.    <u>Conclusion</u>

For the foregoing reasons, Plaintiff's excessive force claim against Defendant Nesbitt shall proceed for further factual development. It is **RECOMMENDED**, however, any claim against Sheriff Talton be **DISMISSED without prejudice.**

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Tillman E. Self, III, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

Having found that Plaintiff has made colorable constitutional violation claim against Defendant Nesbitt, it is accordingly **ORDERED** that service be made on Defendant and that he file an Answer, or such other response as may be appropriate under Rule 12, 28

U.S.C. § 1915, and the Prison Litigation Reform Act. Defendant is reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendant is similarly advised that she is expected to diligently defend all allegations made against her and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party

to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. The Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court. This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be

advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED AND RECOMMENDED**, this 18th day of October, 2021.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge